UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHELLY A. LEONARD, ESTHER
ALEXANDER, BRIDGETT HERRERA,
VELICIA MATA, LeRON DAVIS, and
ASHLEY SULLIVAN, individually and as **MEMORANDUM OF**
parents and natural guardians of their minor **DECISION AND ORDER**
children and on behalf of all others similarly 10-CV-4676(ADS)(WDW)
situated,

                Plaintiffs,

       -against-

ABBOTT LABORATORIES, INC.,

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Blau, Brown & Leonard, LLC**
*Attorneys for the plaintiffs*
224 West 30th Street, Suite 809
New York, NY 10001
   By:  Jason T. Brown, Esq.
        Steven Bennett Blau, Esq., Of Counsel

**Patterson, Belknap, Webb & Tyler LLP**
*Attorneys for the defendant*
1133 Avenue of the Americas
New York, NY 10036
   By:  John D. Winter, Esq., Of Counsel

**SPATT, District Judge**.

      This case arises from the recall by Abbott Laboratories, Inc. ("Abbott") of five million containers of its Similac brand infant powder formula that were potentially contaminated with beetle parts and larvae, which could cause gastrointestinal discomfort and refusal to eat. The plaintiffs allege that Abbott engaged in unfair and deceptive practices by misrepresenting the safety of Similac and failing to timely warn consumers of the dangers associated with the

contaminated product in violation of the consumer protection statutes in New York, Texas, Ohio, and New Hampshire.

Presently before the Court is a motion by Abbott for judgment on the pleadings and a motion by the plaintiffs to amend the complaint. For the reasons set forth below, the Court determines that supplemental briefing is necessary on whether the plaintiffs' claims are moot before the Court can reach a decision on the pending motions.

## I. BACKGROUND

Abbott Laboratories, Inc. formulates, designs, manufactures, markets, advertises, distributes, and sells infant powder formulas under the brand name Similac. In September 2010, during an internal quality review at its Sturgis, Michigan facility, Abbott detected the presence of a common warehouse beetle and its larvae in its powdered formula. Subsequently, on September 20, 2010, Abbott notified the United States Food and Drug Administration ("FDA"), which determined that "while the formula containing these beetles poses no long-term health problems, there is a possibility that infants who consume formula containing the beetles or their larvae could experience gastrointestinal discomfort and refusal to eat as a result of small insect parts irritating the GI tract". (FDA Press Release, September 27, 2010, Knobler Decl. in Support of Abbott's Motion for Judgment on the Pleadings, Ex. B.) As a result, on September 22, 2010, Abbott recalled five million containers of Similac infant formula products.

The plaintiffs in this case are: Shelley A. Leonard, a resident and citizen of the State of New York; residents and citizens of the State of Texas Esther Alexander, Bridgett Herrera, and Velicia Mata; LeRon Davis, a resident and citizen of the State of Ohio; and Ashley Sullivan, a resident and citizen of New Hampshire ("the Plaintiffs"). According to the Plaintiffs, they each purchased the recalled formula during an undefined "relevant time period", rather than

purchasing a less expensive alternative, based on various statements by Abbott that indicated that Similac was safe for consumption by infants. The Plaintiffs also allege that their infant children became ill after consuming the contaminated Similac formula.

On October 10, 2010, the Plaintiffs commenced this action against Abbott in their individual capacity, as parents and natural guardians of their minor children, and as representatives of putative classes of similarly situated individuals from their respective states. In the complaint, and the Amended Class Action Complaint filed on December 2, 2010, the Plaintiffs seek declaratory, injunctive, and monetary relief based on Abbott's alleged unfair and deceptive acts and practices in misrepresenting that Similac was "safe for the consumption by infants" and failing to warn consumers or recall the contaminated formula sooner, in violation of: (1) New York General Business Law § 349; (2) the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Code. Ann., Bus. & Comm. § 17.41, *et. seq.*; (3) the Ohio Uniform Deceptive Trade Practices Act, Ohio Rev. Code Ann. § 4165, *et. seq.*, and Uniform Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345, *et. seq.*; and (4) the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A, *et. seq.* (the "consumer protection statutes").

On March 15, 2011, Abbott filed a motion for judgment on the pleadings seeking the dismissal of the Plaintiffs' claims under the consumer protection statutes and the cause of action seeking injunctive relief for failure to state a claim. In addition, Abbott also sought dismissal of: (1) any claim predicated on Abbot's representation that it is "dedicated to . . . complying with all applicable laws and regulations in the countries where [it] do[es] business" (Am. Compl., ¶ 24), or its failure to comply with certain federal laws, as preempted by federal law; (2) any class claim under the Ohio Uniform Deceptive Trade Practices Act because the statute does not permit

3

a class action under the circumstances alleged; (3) any claim under the Ohio Uniform Consumer Sales Practices Act because the statute does not confer standing on a consumer; and (4) any claim under the Texas Deceptive Trade Practices-Consumer Protection Act because the Plaintiffs failed to provide the requisite notice under the statute.

On September 21, 2011, the Plaintiffs moved to amend their complaint to: (1) include Kristie Pagano in the caption of this matter as a party plaintiff and potential representative of the putative New York class; (2) remove plaintiff Shelly A. Leonard from the caption in this matter and dismiss her claims without prejudice with leave to renew her individual claims or any claims on behalf of her infant/child in the event the Court certifies a class under Federal of Civil Procedure 23; (3) include additional factual contentions "clarifying and amplifying the false, misleading, fraudulent and deceptive business practices employed by [the Defendant]" (Pl.'s Br. at 1); and (4) to remove the allegation expressly waiving the New York Plaintiffs' right to seek punitive damages under New York General Business Law § 349.

In opposition to the motion to amend, Abbott argued for the first time that, because the Plaintiffs only explicitly seek monetary loss associated with their purchases of the contaminated product, which were remedied by its recall and consumer refund program, the Plaintiffs' claims under the consumer protection statutes are moot, "and have been since before this action was commenced". (Def.'s Opp. at 14.) Consequently, Abbott argues that permitting the Plaintiffs to amend the complaint to allege additional facts in support of these claims would be futile.

In support of this contention, Abbott cited decisions in two cases premised on the same recall at issue here, where the courts dismissed claims for monetary loss against Abbott for violations of consumer protection statutes. See Vavak v. Abbott Labs., Inc., No. 10-CV-1995, Dkt. 43, at *5 (C.D. Cal. June 17, 2011) (dismissing the plaintiff's claim under the California

4

Unfair Competition Law as moot "[b]ecause Abbott offered a full refund to consumers who purchased infant formula from the affected lots" and further noting that the fact that the plaintiff "rejected a full refund and opted to file suit does not change this result"); Jovine v. Abbot Labs., Inc., 795 F. Supp. 2d 1331, 1344 (S.D. Fla. 2011) (dismissing the plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act on the ground that he could not plausibly allege any compensable damages because any damages he suffered from the purchase of the product could be recovered through the voluntary recall).

After Abbott filed its opposition, at least one other court has also held that a similar claim against Abbott for unfair and deceptive business practices was moot. See Tosh-Surryhne v. Abbott Labs. Inc., No. 10-CV-2603, 2011 WL 4500880, at *5 (E.D. Cal. Sept. 27, 2011) ("The court finds that defendant has made a full offer of restitution to plaintiff for the recalled containers of Similac plaintiff alleges she purchased, even as to those for which she provides no evidence. This offer moots plaintiff's claims and strips this court of jurisdiction.").

Abbott further argued in opposition to the motion to amend that, to the extent the consumer protection statutes permit the imposition of exemplary damages for willful or knowing violations, such damages are unavailable because: (1) the Plaintiffs have not sufficiently alleged that Abbott acted willfully; (2) where compensatory damages are zero, exemplary damages that are multiples of the compensatory damages would also be zero; and (3) where there is no injury-in-fact that can be redressed by a court, and exemplary damages are described as a multiple of compensatory damages, a plaintiff cannot commence an action solely to recover exemplary damages. In their reply submission, the Plaintiffs did not address the issue of futility at all, let alone the critical issue of whether their claims are moot.

5

It is well-settled that "[a] case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when 'the parties lack a legally cognizable interest in the outcome.'" Fox v. Bd. of Trustees of State Univ. of New York, 42 F.3d 135, 140 (2d Cir. 1994) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383, 59 L. Ed. 2d 642 (1979)); Dean v. Blumenthal, 577 F.3d 60, 64 (2d Cir. 2009). Whether this Court has subject matter jurisdiction over the Plaintiffs consumer protection statute claims is a threshold issue that must, and in the interest of judicial resources should be decided before the Court can render any decision on the pending motions. See Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Tosh-Surryhne, 2011 WL 4500880, at * 3 ("In other words, if a plaintiff seeks only restitution, which had been offered her before the claim was brought, there can be no claim; rather, any claim brought at that point is an unnecessary call upon this court's resources.").

The three and half page submission by Abbott provides an insufficient basis for the Court to render a decision on whether the claims are moot. As a result, the Court directs the parties to submit supplemental briefs addressing whether Abbott's voluntary recall of the contaminated formula rendered moot the Plaintiffs' claims under the consumer protection statutes. The submission is not to exceed 10 pages and shall be filed on or before January 27, 2012. Opposition briefs not to exceed 5 pages can be filed on or before February 3, 2012. The Court will not grant any requests for extensions.

**SO ORDERED**.
Dated: Central Islip, New York
January 20, 2012

                                                        _/s/ Arthur D. Spatt_
                                                       ARTHUR D. SPATT
                                                      United States District Judge